**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Rick Nelson, | Case No. 2:26-cv-00822-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| George D. Helton Sr., an individual; Nye County Sheriff's Office; and Nye County, a political subdivision of Nevada, | |
| Defendants. | |

Before this Court is Defendants George D. Helton Sr., Nye County Sheriff's Office, and Nye County's motion to dismiss the claims against them with prejudice. ECF No. 13. Plaintiff did not file a response, and the time to do so has passed. *Id.* (responses due June 22, 2026). For the reasons discussed below, this Court grants Defendants' motion as unopposed and dismisses Plaintiff's claims against them with prejudice.

## I.    DISCUSSION

Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Courts may resolve motions to dismiss under this local rule. *Camp v. LexisNexis Consumer Ctr.*, No. 2:21-CV-01188-CDS-EJY, 2022 WL 3370139, at *1 (D. Nev. Aug. 15, 2022). "[A] district court is not required to examine the merits of an unopposed motion to dismiss before granting it [under a local rule]." *Id.* (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)). In determining whether to dismiss a claim under LR 7-2(d), courts must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Andreaccio v. Nye Cnty.*, No. 2:23-CV-00635-CDS-EJY, 2023 WL 4747406, at *1 (D. Nev. July 25, 2023) (citing *Ghazali*, 46 F.3d at 53).

Here, the first two factors weigh in favor of dismissing Plaintiff's claims because dismissal resolves this litigation in its entirety and will aid this Court in managing its caseload. There is no risk of prejudice to Defendants (third factor) since they are the parties seeking dismissal. Dismissal means they will not be forced to litigate the merits of claims that Plaintiff has failed to defend.

Although public policy favors resolving cases on the merits (fourth factor), that factor carries little weight here. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Plaintiff's failure to respond makes resolution on the merits difficult, if not impossible. As to the fifth factor, it is "unnecessary for the Court to consider less drastic alternatives" where the plaintiff does not oppose dismissal. *Rodriguez v. Nationstar Mortg. LLC*, No. 16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). In sum, the above factors weigh in favor of granting the motion to dismiss as unopposed.

## II.    CONCLUSION

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 13) is **GRANTED**. Plaintiff's claims against Defendants are dismissed with prejudice.

DATED: June 24 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE